IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEFFREY FADNESS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.:  1:17-cv-206 |
| | § | |
| CHARTER COMMUNICATIONS, INC. | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

---

**DEFENDANT'S NOTICE OF REMOVAL**

---

Charter Communications, Inc. ("Charter"), Defendant in the above-entitled and numbered action, files this Notice of Removal from state court in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof respectfully, shows the following:

## I.    INTRODUCTION

Charter removes this state-law action brought by a former employee, Plaintiff Jeffrey Fadness, based upon diversity jurisdiction. *See* 28 U.S.C. § 1332 and 1441(b). Charter and Fadness are citizens of different states, and Fadness seeks damages in excess of the required $75,000 jurisdictional threshold. Charter files this Notice of Removal within thirty days of service of Plaintiff's Responses to Defendant's First Requests for Admission as required by 28 U.S.C. § 1446(b)(3). As explained below, this Court possesses subject matter jurisdiction over Fadness's lawsuit.

1

## II.    FACTUAL BACKGROUND

On January 11, 2017, Plaintiff Jeffrey Fadness filed a lawsuit against Charter in the 261st Judicial District Court in Travis County, Texas.  Fadness's lawsuit is styled *Jeffrey Fadness v. Charter Communications, Inc.*, Cause No. D-1-GN-17-000119, and alleges a state law claim for wrongful termination based on his alleged refusal to commit a purported illegal act, what is commonly known under Texas employment law as a *Sabine Pilot* claim.  *See* Ex. A, Pl.'s Orig. Pet. at 7.  On January 20, 2017, Charter was served with Plaintiff's Original Petition.  *See* Ex. B, Citation & Affidavit of Service.  Charter thereafter timely filed its General Denial, Special Exception, and Defenses in Texas state court on February 10, 2017.  *See* Ex. C, Def.'s General Denial & Defenses.

As noted in Charter's Special Exception, Plaintiff's Original Petition did not specify the range of damages sought as required by Texas Rule of Civil Procedure 47(c).  *See id.* Consequently, with no response to its Special Exception, Charter served limited discovery upon Fadness on February 21, 2017 to determine the amount of monetary damages at issue in his lawsuit.  Fadness served his Responses to Defendant's Requests for Admissions on March 1, 2017, indicating that he seeks to recover more than $75,000.00 in monetary damages.  *See* Ex. F., Pl.'s Resp. to Req. for Admission.

## III.    ARGUMENTS & AUTHORITIES

Under 28 U.S.C. § 1441, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  In the present case, the Court possesses diversity jurisdiction because "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between . . . citizens of different states."  28 U.S.C. § 1332.  As explained in further detail below,

removal is appropriate in this case due to the satisfaction of both diversity jurisdiction requirements.

## A.    Defendant and Fadness Are Citizens of Different States

Section 1332(c)(1) states that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1).  Under this definition, Charter is not, and was at the time this lawsuit was filed, a citizen of the State of Texas and is completely diverse in citizenship from Plaintiff.  *See* Ex. A, Pl.'s Orig. Pet. at 1 (acknowledging Defendant is "a foreign corporation").

Charter in fact is a Delaware corporation with its principal place of business in Stamford, Connecticut.  As a result, at the time Fadness's underlying lawsuit was filed, Charter was a citizen of the States of Delaware and Connecticut.  Fadness, on the other hand, is a citizen of the State of Texas.  *See* Ex. A, Pl.'s Orig. Pet. at 1.  Fadness and Charter are therefore citizens of different states, thereby satisfying the first requirement for diversity jurisdiction.

## B.    Jurisdictional Amount in Controversy Satisfied

The second requirement for diversity jurisdiction—that the amount in controversy exceed $75,000—is also met in this case.  *See* 28 U.S.C. § 1332(a).  Under section 1446(c),

> the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—(A) the notice of removal may assert the amount in controversy if the initial pleading seeks—(i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

3

28 U.S.C. § 1446(c).  Significantly, the Supreme Court recently clarified that it is sufficient for a removing defendant to "simply allege or assert that the jurisdictional threshold has been met." *Dart v. Cherokee Basin Operating Co., LLC*, 135 S. Ct. 547, 554 (2014).  In other words, evidence establishing the amount in controversy is only required by section 1446(c)(B) if the plaintiff contests, or the court questions, the defendant's allegations.  *Id.*; *see also Castaneda v. Travelers Lloyds of Tex. Ins. Co.*, No. A-15-CV-00259-LY-ML, 2015 WL 3604678, at *2 (W.D. Tex. June 5, 2015) (unpublished).

In the instant case, Fadness did not specify the amount of damages he sought in his Original Petition although required by Texas Rule of Civil Procedure 47(c) to do so.[1]  Instead, his Original Petition stated only that "the amount in controversy exceeds the minimum jurisdictional limits of this Court."  *See* Ex. A, Pl.'s Orig. Pet. at 2.  In Texas, district courts have original jurisdiction over claims in which the amount in controversy exceeds $500.  TEX. GOV'T CODE §24.007(b).  Consequently, because of his non-compliance with Texas Rule of Civil Procedure 47(c), it was entirely unclear from Fadness' Original Petition[2] as to whether he sought damages that exceeded the $75,000 diversity jurisdiction threshold.

---

[1] Texas Rules of Civil Procedure 47(c) sets forth the following categories of damages, one of which is required to be pled:

    (1)  only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
    (2)  monetary relief of $100,000 or less and non-monetary relief; or
    (3)  monetary relief over $100,000 but not more than $200,000; or
    (4)  monetary relief over $200,000 but not more than $1,000,000; or
    (5)  monetary relief over $1,000,000.

Texas Rule of Civil Procedure 78(a)(1) also requires plaintiffs to file a Civil Case Information Sheet, which, while not a pleading, would have identified the range of monetary relief sought as well.  However, as the attached Docket Sheet reflects, Fadness did not file a completed Civil Case Information Sheet from which the range of damages sought could have been discerned.  *See* Ex. D, Docket Sheet.

[2] Fadness listed the following types of monetary damages in his Original Petition:  past and future lost earnings (to include benefits, vacation pay, and overtime), past and future compensatory damages, exemplary damages, pre-and post-judgment interest, costs of court, and attorney's fees in the event of an appeal.  *See* Ex. A, Pl.'s Orig. Pet. at 8-9, 10-11.

Thus, to determine the amount of damages sought, and in particular whether Fadness sought more than $75,000, Charter not only followed up on its Special Exception with Fadness's counsel, but it also promptly served limited discovery requests. *See* Ex. F, Feb. 21, 2017 Ltr.  In response to the latter, Fadness admitted outright that he seeks to recover more than $75,000 in monetary damages. *See* Ex. G, Pl.'s Resp. to Req. for Admission.  His admissions, served on March 1, 2017, thus unequivocally demonstrate that the jurisdictional amount-in-controversy is satisfied in this case.  Moreover, because these admissions serve as "other paper," Charter's removal within thirty days of their receipt satisfies the timing requirement under 28 U.S.C. §1446(b)(3).  *See, e.g., Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 398-400 (5th Cir. 2013) (affirming district court's denial of motion to remand because original pleading did not affirmatively reveal on its face that the plaintiff sought damages in excess of the jurisdictional limit and 30-day removal clock was not triggered until defendant received a copy of an "amended pleading, motion, order, or other paper from which" it was first ascertainable that the case was removable); *Revilla v. Target Corp., Inc.*, No. 4:14-cv-295-BJ, 2014 WL 11484969, at *3 (N.D. Tex. Aug. 26, 2014) (denying motion to remand where defendant filed notice of removal within 30 days after receiving information confirming amount in controversy exceeded $75,000); *Carmardelli v. Wal-Mart Stores, Inc.*, 545 F. Supp. 2d 595, 599-600 (W.D. Tex. 2008) (notice of removal timely where plaintiff's original petition did not affirmatively state amount in controversy and removal filed within 30 days of defendant's receipt of plaintiff's response to requests for admission).

## C.    Removal is Procedurally Proper

Venue is proper in the Western District of Texas, Austin Division, under 28 U.S.C. §1446(a).  The Western District of Texas, Austin Division embraces the place in which the

removed action is pending and is where a substantial part of the events giving rise to Fadness's claims allegedly occurred.

Charter was served with a copy of the civil summons and Original Petition on January 20, 2017 by personal service through its alleged agent for service of process. However, as discussed in section B above, at the time of service, the amount in controversy was not readily apparent from Plaintiff's Original Petition. Charter nevertheless has timely filed this Notice of Removal within thirty days of service of Plaintiff's subsequent discovery responses, which reveal the removability of this action, as required. *See* 28 U.S.C. § 1446(b)(3) ("a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleadings, motion, or other paper from which it may first be ascertained that the case is one which is . . . removable").

Pursuant to 28 U.S.C. § 1446(a), Charter attaches to this Notice of Removal true and correct copies of Fadness's Original Petition and Jury Demand (Ex. A), Citation issued to Defendant (Ex. B), Charter's General Denial, Special Exceptions, and Defenses (Ex. C), true and correct copies of the state court's Docket Sheet (Ex. D), and State Court Notice of Removal (Ex. E), which constitute all process, pleadings, and orders served to date. Charter also attaches its February 21, 2017 letter to Plaintiff's counsel (Ex. F) and Plaintiff's Responses to Defendant's Requests for Admissions (Ex. G), which were served on March 1, 2017.

Pursuant to 28 U.S.C. § 1446(d), promptly after this Notice is filed with this Court, Charter will serve written notice of its filing on Plaintiff's counsel. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice also will be filed with the clerk of the 261st Judicial District Court, Travis County, Texas.

### III.    CONCLUSION & PRAYER

For the foregoing reasons, Defendant Charter Communications, Inc. prays the United States Court for the Western District of Texas, Austin Division assumes jurisdiction over this action being removed from the 261st Judicial District Court, Travis County, Texas.  Defendant Charter also prays for all other relief to which it may be entitled.

Respectfully submitted,

  /s/ Christine E. Reinhard_____
Christine E. Reinhard
Texas Bar No. 24013389
Shannon B. Schmoyer
Texas Bar No. 17780250
Brooke S. Waldrep
Texas Bar No. 24066802
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
PH:  (210) 447-8033
FX:  (210) 447-8036
creinhard@sr-llp.com
sschmoyer@sr-llp.com
bwaldrep@sr-llp.com

**ATTORNEYS FOR DEFENDANT
CHARTER COMMUNICATIONS, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served *via CM/ECF* to:

Jeffrey Alan Goldberg
The Law Office of Jeffrey A. Goldberg
15303 Huebner Rd, Suite 13
San Antonio, Texas 78248-0983
Telephone: 210-690-2200
Facsimile: 210-690-0438

on this 6th day of March, 2017.

/s/ Christine E. Reinhard_____
Christine E. Reinhard

7