# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| JEFFREY FADNESS, | § § § § | |
| *Plaintiff,* | § § | Civil Action No. 1:17-cv-00206-DAE |
| v. | § § | |
| CHARTER COMMUNICATIONS, INC., | § § | |
| *Defendant.* | § | |

## DECLARATION OF RYAN HENNINGS

My name is Ryan Hennings. I am over 18 years of age, of sound mind, and am competent and capable of making this declaration. The facts stated herein are within my personal knowledge and are true and correct.

1.    I am currently a Director of Human Resources for Charter Communications, Inc. ("Charter"), overseeing the West Division of Spectrum Business, which includes Texas and twelve other states. I have held this position since December 2016. Prior to then, I served as a Senior Manager of Human Resources for Charter, which was also my last position title with Time Warner Cable before its merger with Charter. Before the merger with Charter, I had worked for Time Warner Cable for approximately thirteen years.

2.    During my tenure, both Time Warner Cable and Charter have maintained employment at-will policies that apply to most of their workforces, including the Spectrum Business Account Executives employed in Austin, Texas. For Time Warner Cable, its at-will policy was contained its Standards of Business Conduct on the first page under "Do the Standards of Business Conduct Apply to Me?". After the merger, Time Warner Cable's Standards of

1

Business Conduct continued to apply through the remainder of 2016 to legacy Time Warner Cable employees, i.e., employees who had worked prior to the merger for Time Warner Cable.

3.   According to employment records maintained first by Time Warner Cable and now by Charter, Jeffrey Fadness began his employment with Time Warner Cable in January 2014 in Austin, Texas as an Account Executive II.  He continued his employment as an Account Executive II in Austin, Texas through the May 2016 merger between Time Warner Cable and Charter.  His employment then ended with Charter on December 22, 2016 after he voluntarily resigned without having returned from a leave of absence that began in September 2016.

4.   Throughout his entire tenure with both Time Warner Cable and Charter, Mr. Fadness was at all times an at-will employee.

5.   Attached to Defendant's Motion for Summary Judgment as exhibits are Bates No. D-JF-182 to 207 (Standards of Business Conduct), D-JF-1151 to 1152 (J. Fadness Offer Letter), D-JF-3 to 5 (2015 J. Fadness Written Warning), D-JF-633 to 634 (J. Fadness 2015 Sales Scorecard), D-JF-527 to 528 (J. Fadness 2016 Sales Scorecard), D-JF-587 to 631 (May 27, 2016 Email from J. Fadness to Carole Westmoreland and Bruce Boggs), D-JF-334 (Sales Territories by Zip Code), D-JF-175 to 176 (2016 Time Detail Report for J. Fadness), and D-JF-565 to 567 (2016 Draft Written Warning for J. Fadness).  These documents were kept by Time Warner Cable and/or Charter in the course of a regularly conducted business activity of the company, and it was the regular practice of such business activity to make such documents.  These documents were made, or the information was transmitted, at or near the time of the act, event, condition, opinion, or diagnosis that was recorded, by

someone with knowledge of such act, even, condition, opinion, or diagnosis.   The

documents are exact duplicates of the original.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2017.

RYAN HENNINGS